J-A22042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH ROSARIO | : | |
| | : | |
| Appellant | : | No. 1454 WDA 2023 |

Appeal from the PCRA Order Entered November 13, 2023
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0001543-2013

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                FILED:  October 29, 2024

Appellant, Keith Rosario, appeals from the order entered in the Washington County Court of Common Pleas, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 4, 2015, Appellant entered a guilty plea to carrying a firearm without a license; the court sentenced Appellant to 2½ to 5 years of incarceration.  Appellant was paroled in May 2017, but arrested on new charges in September 2017.  Following his conviction on new charges, the court revoked his parole at the current docket and ordered him to serve the remaining balance of time.

Appellant appealed at the current docket as well as two other dockets for which the court had revoked Appellant's probation based on his new

_____

[1] 42 Pa.C.S.A. §§ 9541-9541.

convictions. On September 10, 2021, this Court decided that the trial court's order revoking Appellant's parole was a nullity because the court lacked authority to revoke Appellant's parole and to recommit him to serve the balance of his sentence, where the Parole Board has exclusive jurisdiction over Appellant's parole. *See Commonwealth v. Rosario*, 264 A.3d 358 (Pa.Super. 2021) (unpublished memorandum), *aff'd*, ___ Pa. ___, 294 A.3d 338 (2023) (citing 61 Pa.C.S.A. §§ 6132, 6138). Thus, this Court *sua sponte* vacated the recommitment sentence as illegal.[2] *See id.*

On March 23, 2022, Appellant filed the instant PCRA petition. On November 13, 2023, the PCRA court denied relief. On December 6, 2023, Appellant timely filed a notice of appeal.[3] On January 16, 2024, the court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant complied on January 31, 2024.

On appeal, Appellant raises the following issues for review:

> 1. The [c]ourt erred by dismissing the PCRA Petition without providing explanation for its decision.

---

[2] This Court also vacated the judgments of sentence at the two other dockets. Because Appellant was not yet on probation when he committed the new crimes, this Court held that the court lacked authority to anticipatorily revoke Appellant's probation. *See id.* The dockets for which the court revoked probation are not the subject of the current appeal.

[3] Appellant also purported to appeal from his two additional dockets, 1262-2013 and 223-2015. However, Appellant filed his PCRA petition only at 1543-2013. (*See* Docket, 1262-2013; Docket, 223-2015). This Court subsequently issued a Rule to Show Cause why the appeal should not proceed solely from 1543-2013 and, following Appellant's failure to respond, struck the appeals at dockets 1262-2013 and 223-2015.

2. The Post Conviction Petition should have been viewed as opportunity to raise challenge to the effectiveness of his prior counsel and post conviction counsel.

3. It was error to urge that [Appellant] is no longer serving a portion of his sentence based upon either sentence computation or the collateral consequences of his sentence. To the extent, [Appellant] is denied review, the statute at 42 Pa.C.S. § 9543(a)(1)(i) is unconstitutional and the decision of **Commonwealth v. Ahlborn**, [548 Pa. 544,] 699 A.2d 718 [(1997)] and its progeny should be overruled.

(Appellant's Brief at 2).

As a preliminary matter, to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that he is currently serving a sentence of imprisonment, probation or parole at the time that relief is granted. 42 Pa.C.S.A. § 9543(a). This Court has explained:

[S]ection 9543 requires that a petitioner be serving a sentence of incarceration at the time relief is granted; if they are not, they are ineligible for post-conviction relief. **See** [**Ahlborn, supra**] … (holding that the plain language of section 9543(a)(1)(i) requires that a petitioner be serving a sentence of incarceration at the time when relief is granted); **Commonwealth v. Matin**, 832 A.2d 1141, 1143 (Pa.Super. 2003) (stressing that "[a] petitioner is ineligible for relief under the PCRA once the sentence for the challenged conviction is completed"); **see also Commonwealth v. Smith**, 609 Pa. 605, 17 A.3d 873, 904 (2011) (reiterating the holding of **Ahlborn** that section 9543 "preclude[s] PCRA relief where the petitioner is no longer serving a sentence for the crime at the time the PCRA court renders a decision") (citing **Ahlborn, supra**).

**Commonwealth v. Fields**, 197 A.3d 1217, 1222 (Pa.Super. 2018) (*en banc*), *appeal denied*, 651 Pa. 593, 206 A.3d 1025 (2019). Thus, "the PCRA precludes relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence."

- 3 -

***Commonwealth v. Hart***, 911 A.3d 939, 942 (Pa.Super. 2006).

Instantly, the record confirms (and Appellant admits) that Appellant is no longer serving a sentence at the current docket. (***See*** Appellant's Brief at 22-23). Therefore, Appellant is not eligible for PCRA relief. ***See*** 42 Pa.C.S.A. § 9543(a); ***Ahlborn, supra***; ***Fields, supra***; ***Hart, supra***.[4] Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/29/2024

---

[4] It is well-settled that as a three-judge panel, we cannot overturn ***Ahlborn***, which is a decision by our Supreme Court. ***See Commonwealth v. Edrington***, 464 A.2d 456 (Pa.Super. 1983) (explaining that Superior Court cannot overrule Supreme Court decisions). Furthermore, our Supreme Court has rejected the claim that Section 9543 is facially unconstitutional, holding that individuals who are not currently serving a sentence have no liberty interest to protect and therefore no due process right to collateral review. ***See Commonwealth v. Turner***, 622 Pa. 318, 80 A.3d 754 (2013), *cert. denied*, 572 U.S. 1039, 134 S.Ct. 1771, 188 L.Ed.2d 602 (2014).